PS 8 Revised 07
MD/TN Revised 10/10

☐ Interpreter Required

# UNITED STATES DISTRICT COURT
## for the
## MIDDLE DISTRICT OF TENNESSEE

U.S.A. vs. __Abdullahi Sade Afyare__    Docket No. __3:10-00260-02__

### Petition for Action on Conditions of Pretrial Release

COMES NOW __Burton Putman__, PRETRIAL SERVICES OFFICER presenting an official report upon the conduct of defendant __Abdullahi Sade Afyare__ who was placed under pretrial release supervision by the __Honorable John S. Bryant__ sitting in the Court at __Nashville, TN__, on __April 19, 2011__, under the following conditions: Please reference the attached release Orders

Respectfully presenting petition for action of Court and for cause as follows:
Please reference page two of this document

I declare under penalty of perjury that the foregoing is true and correct.

W. Burton Putman, Supervising          Nashville, TN             October 24, 2012
U.S. Pretrial Services Officer          Place:                    Date:

**Next Scheduled Court Event**

| Event | Date |
|---|---|
|       |      |

## PETITIONING THE COURT

☐ No Action                  ☐ To issue an order setting a hearing on the petition
☐ To Issue a Warrant         ☒ Other  To modify the release conditions as indicated on the attached PS 42

---

THE COURT ORDERS:
☐ No Action                            ☐ A Hearing on the Petition is set for
☐ The Issuance of a Warrant.
  ☐ Sealed Pending Warrant Execution
    (cc: U.S. Probation and U.S. Marshals only)   Date _____  Time _____
☒ Other  Conditions of release are modified to add as additional conditions Nos. 1, 2 and 3 as stated on pages 2 and 3 of this petition.

Considered and ordered this __26th__ day of __October__, __2012__, and ordered filed and made a part of the records in the above case.

_/s/ John Bryant_
Honorable John S. Bryant
U.S. Magistrate Judge

Honorable John S. Bryant
U.S. Magistrate Judge
Petition for Action on
Afyare, Abdullahi Sade
Docket No. 3:10-00260-02
October 24, 2012

On April 19, 2011, the defendant, Abdullahi Sade Afyare, was released by the Court under a $10,000 cash appearance bond and conditions previously ordered on November 10, 2010, by the Honorable Franklin S. Noel, U.S. Magistrate Judge, District of Minnesota. The defendant has been supervised since that time by the U.S. Pretrial Services Office in the District of Minnesota.

**Special Conditions of Pretrial Release:**

Please reference the attached Orders Setting Conditions of Release.

**VIOLATION(S):**

**Violation No. 1: The defendant must not violate any federal, state, or local law while on release:**

According to the defendant's pretrial services officer in the District of Minnesota, the defendant was arrested on October 14, 2012, by the Minneapolis, Minnesota, Police Department for 1) Loitering with Intent (Marijuana), 2) No Valid Driver License, and 3) No Proof of Insurance. All three charges are misdemeanors. The defendant was released after posting a $50 bail. The defendant's next court date is scheduled for October 29, 2012. The defendant called his pretrial services officer on October 15, 2012, and reported his arrest and law enforcement contact. On October 17, 2012, during the defendant's next office visit with his pretrial services officer, he admitted smoking marijuana during the evening of October 14, 2012. He reportedly expressed frustration with himself and stated he had just gotten "too comfortable."

**Current Status of Case:**

According to PACER, the next hearing before the Honorable William J. Haynes, Jr., Chief U.S. District Judge, has not been scheduled.

**Probation Officer Action:**

As a result of the defendant's recent noncompliance, Pretrial Services recommends that the defendant's release conditions be modified. Attached for the Court's consideration is a signed Consent to Modify Conditions of Release (PS 42) which indicates the defendant's willingness to have the following added to his release conditions:

1. The defendant is prohibited from the use or unlawful possession of a narcotic drug or other controlled substances defined in 21 U.S.C. § 802 unless prescribed by a licensed medical practitioner.

Honorable John S. Bryant
U.S. Magistrate Judge
Petition for Action on
Afyare, Abdullahi Sade
Docket No. 3:10-00260-02
October 24, 2012

2. The defendant shall submit to any testing required by Pretrial Services to determine whether the defendant is using a prohibited substance.

3. The defendant shall participate in substance abuse treatment as directed by Pretrial Services. Such treatment can include assessment, outpatient, and/or inpatient treatment.

Defense counsel has reviewed and signed the PS 42 and concurs that this modification is appropriate.

The pretrial services officer in the District of Minnesota reported that the above-listed violations represent the defendant's only known acts of noncompliance. He is a full-time college student, lives with his sisters, and reports as directed to Pretrial Services.

**Respectfully Petitioning the Court as Follows**:

It is respectfully recommended that the Court modify the defendant's release conditions as indicated in the attached PS 42.

The U.S. Attorney's Office has been provided a copy of this petition.

Submitted by:

_____
W. Burton Putman
Supervising U. S. Probation Officer


Approved:

_____
Vidette A. Putman
Supervising U.S. Probation Officer


Attachments: Consent to Modify Conditions of Release, Orders Setting Release Conditions

Honorable John S. Bryant
U.S. Magistrate Judge
Petition for Action on
Afyare, Abdullahi Sade
Docket No. 3:10-00260-02
October 24, 2012


cc:    Mr. Van Vincent
       Assistant U.S. Attorney

       Mr. James Simmons
       Defense Counsel

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | NO. 3:10-00260(2) |
| | ) | |
| ABDULLAHI SADE AFYARE | ) | |

## O R D E R

The District Judge has ordered defendant Afyare to be released subject to certain conditions and has referred this matter to the undersigned Magistrate Judge in order to implement those conditions (Docket Entry Nos. 556 and 557).

It appears from the record that on April 18, 2011, the sum of $10,000 in cash was paid to the Clerk as a cash appearance bond securing the appearance of defendant Afyare at further proceedings in this case (Docket Entry No. 561).

Moreover, on April 19, 2011, defendant's sister, Hamdi Sade Afyare, appeared in court and executed the Agreement To Forfeit Property To Obtain A Defendant's Release.

Given the foregoing events evidenced of record, and in compliance with the orders of District Judge Haynes, the Court **ORDERS** defendant Afyare **RELEASED** subject to all conditions of release previously imposed on November 10, 2010, by Franklin S. Noel, United States Magistrate Judge for the District of Minnesota. In addition, as an additional condition of his release, defendant Afyare while on release shall have no contact, directly or

indirectly, with any victim, codefendant or potential witness in this case or any members of their families.

It is so **ORDERED**.

s/ John S. Bryant
JOHN S. BRYANT
United States Magistrate Judge

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,

    Plaintiff,

v.

Abdullahi Sade Afyare,

    Defendant.

10-MJ-471-01 FLN

RELEASE ORDER

A detention hearing was held in the above referenced case on November 9, 2010. Defendant is charged with, among other things, conspiracy to violate Title 18 United States Code Section 1591. The allegations involve a minor victim. The government contends that Defendant has not rebutted the presumption, set forth in Title 18 United States Code, Section 3142(e)(3)(E), that no condition or combination of conditions could be imposed in a release order that would reasonably assure the defendant's appearance in court and reasonably assure the safety of the community.

The presumption in Section 3142(e)(3)(E) is subject to rebuttal. The Defendant's burden is one of production. If evidence is produced that would rebut the presumption, the Government retains the burden of persuading the Court that there is no condition or combination of conditions that would reasonably assure the Defendant's appearance or the safety of the community. The presumption remains a factor to consider, but is not dispositive of the question of detention. See generally, *United States v. Stone*, 608 F.3d 939 (6th Cir. 2010); *United States v. Abad*, 350 F.3d 793 (8th Cir. 2003).

The Court finds that in this case the presumption has been rebutted by the following facts

A true printed copy in 5 sheet(s) of the electronic record filed on this 16/10 in the United States District Court for the District of Minnesota.
CERTIFIED, 11/15/10, 20___.
RICHARD D. SLETTEN
BY: _____

1

that tend to show that there are conditions that could be imposed in a release order that would reasonably assure the Defendant's appearance and reasonably assure the safety of the community:

1. Defendant's sister, Hambdi Afyare testified that she is the older sister of several siblings, of which Defendant is the youngest. She testified that she has essentially raised the Defendant since he was six years old. She and several other siblings were present in Court to show support for their brother at the detention hearing.

2. Hambdi Afyare testified that she and the Defendant came to the US with their parents when the Defendant was 9 years old. She testified that she and her siblings, including the Defendant were a strong family with their grandfather, though their parents are not currently involved with the family.

3. Hambdi testified that she and the Defendant's other siblings would do everything they could to assure that Defendant would appear in Court as required. To bolster that contention, she testified in the past to assisting law enforcement to locate her brother.

4. Defendant, who only graduated high school in 2009, is a full time student at the St. Paul Community College.

5. Defendant submitted a letter from his girlfriend, who Hambdi testified is like a member of their family.

6. Defendant also submitted a letter from the Program Manager of the Confederation of Somali Community in Minnesota, describing the Defendant's membership in the Somali Youth Volunteer Council since 2005.

2

Case 3:10-cr-00260   Document 223   Filed 11/17/10   Page 6 of 23 PageID #: 918
Case 3:10-cr-00260   Document 2908   Filed 10/26/12   Page 8 of 16 PageID #: 18933

Now the Court must decide whether the Government has nevertheless met its burden to establish that there are NO conditions, or combination of conditions that would reasonably assure the Defendant's appearance or reasonably assure the safety of the community. The Court starts with the nature and circumstances of the offense charged, and the proposition that the statutory presumption remains a factor to be considered, and then will analyze each of the factors the Bail Reform Act says the Court should consider in making a decision regarding release or detention.

The offense charged is very serious, involves multiple minor victims, and indeed is so serious as to give rise to the presumption described above. The Court has no evidence or information regarding the weight of the evidence against the Defendant. Although the Indictment is 58 pages long, of necessity, by its nature, there is nothing in the Indictment that gives the Court any sense of the what evidence the government will present at trial to support the very serious allegations made by the Grand Jury in the Indictment. The indictment alleges that Defendant engaged in overt acts involving a minor victim as young as 12 years old.

The Bail Reform Act also directs the court to consider the Defendant's character, and expressly identifies some factors related to his character that the Court should consider. As related to the Defendant here, the Court finds that Defendant is not yet 20, and has a very poor juvenile record, including three felony level adjudications before turning 18. This poor record is balanced by strong family ties, as evidenced by the presence of his siblings in Court and the testimony of his sister, Hambdi Afyare. Defendant is a full time student, who has lived in this community for many years, graduating in 2009 from Richfield High School. He has strong ties to his community as demonstrated by membership in the Somali Youth Volunteer Council since

3

Case 3:10-cr-00260   Document 223   Filed 11/17/10   Page 7 of 23 PageID #: 919
Case 3:10-cr-00260   Document 2908   Filed 10/26/12   Page 9 of 16 PageID #: 18934

2005. There is no evidence of drug or alcohol abuse, at the time of the current offense, he was not on probation, parole, or any other form of supervision. However, during the time that the conduct alleged in the Indictment was occurring, Defendant engaged in other conduct that resulted in his being placed in supervised diversion programs in two separate cases. His history of court appearances is spotty. As recently as April of 2010, Defendant failed to appear in connection with a driving after suspension charge in Dakota County. He also failed to appear in court in Scott County in 2009, in connection with another driving after suspension case.

In deciding whether there are conditions that the Court could impose in a release order, the Court does not simply count up the factors that favor release and subtract the factors that weigh against release. Instead, the Court must take into account all of the available evidence related to the foregoing factors and decide whether there are ANY conditions the Court could impose in a release order that would reasonably assure the Defendant's appearance and the safety of the community. Only if the Court concludes that there are NO such conditions is the Court empowered to order the Defendant's detention.

The question of release or detention in this case is very close. After a careful consideration of all of the foregoing, the Court concludes that there are conditions that would address the concerns expressed above and that would reasonably assure the Defendant's appearance and reasonably assure the safety of the community. Those conditions will be set out separately in an Order Setting Conditions of Release, and will include:

1. No contact with any victim or witness in this case, in particular the person identified in the Indictment as Jane Doe #2;

2. Electronic location monitoring at the direction of the Probation and Pretrial

4

Case 3:10-cr-00260   Document 223   Filed 11/17/10   Page 8 of 23 PageID #: 920
Case 3:10-cr-00260   Document 2908   Filed 10/26/12   Page 10 of 16 PageID #: 18935

       Service Office;

3. No contact with any girl or young woman under the age of 18;

4. Report to PreTrial Services as directed;

5. Maintain his educational program;

6. Maintain his residence with his sister and other siblings;

7. Restrict travel to the state of Minnesota, except to attend Court in Middle District of Tennessee;

8. Comply with a curfew as imposed by PreTrial Services;

9. Refrain from the possession of any guns, weapons, or destructive devices.

DATED: November 10, 2010         *s/ Franklin L. Noel*
                                                     FRANKLIN L. NOEL
                                                     United States Magistrate Judge

5

Case 3:10-cr-00260   Document 223    Filed 11/17/10   Page 9 of 23 PageID #: 921
Case 3:10-cr-00260   Document 2908   Filed 10/26/12   Page 11 of 16 PageID #: 18936

# UNITED STATES DISTRICT COURT
for the
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America )<br>v. )<br>  )<br>Abdullahi Sade Afyare )<br>_Defendant_ ) | Case No.   MJ 10-471 FLN (1) |

## ORDER SETTING CONDITIONS OF RELEASE

IT IS ORDERED that the defendant's release is subject to these conditions:

(1) The defendant must not violate any federal, state or local law while on release.

(2) The defendant must cooperate in the collection of a DNA sample if the collection is authorized by 42 U.S.C. § 14135a. In the event 1) that no Indictment is returned against the Defendant, or 2) that the charges giving rise to this Release Order are dismissed, or 3) that Defendant is acquitted of the charges giving rise to this Release Order, the Attorney for the Government is hereby ORDERED to provide to the Attorney General a certified copy of a final court order establishing which of the foregoing events occurred. Upon receipt by the Attorney General of any such certified copy, the Director of the Federal Bureau of Investigation is hereby ORDERED to promptly expunge from the index, described in subsection (a) of 42 United States Code, Section 14132, the analysis of the DNA sample collected from this Defendant pursuant to the conditions of this Release Order.

See generally, _U.S. v. Pool_, --- F.3d ----, 2010 WL 3554049
(9th Cir. September 14, 2010), at * p. 6.

(3) The defendant must immediately advise the court, defense counsel, and the U.S. attorney in writing before any change in address or telephone number.

(4) The defendant must appear in court as required and must surrender to serve any sentence imposed

The defendant must appear at _(if blank, to be notified)_ _____
                                                        _Place_
on   TO BE NOTIFIED
                                 _Date and Time_

### Release on Personal Recognizance or Unsecured Bond

IT IS FURTHER ORDERED that the defendant be released on condition that:

( X ) (5) The defendant promises to appear in court as required and surrender to serve any sentence imposed.

( X ) (6) The defendant executes an unsecured bond binding the defendant to pay to the United States the sum of _____Twenty five thousand_____ dollars ($ ____25,000____ ) in the event of a failure to appear as required or surrender to serve any sentence imposed.

SCANNED
NOV 1 0 2010
U.S. DISTRICT COURT MPLS

## ADDITIONAL CONDITIONS OF RELEASE

Upon finding that release by one of the above methods will not by itself reasonably assure the defendant's appearance and the safety of other persons or the community,
IT IS FURTHER ORDERED that the defendant's release is subject to the conditions marked below:

(  ) (7) The defendant is placed in the custody of:
Person or organization _____
Address *(only if above is an organization)* _____
City and state _____ Tel No. *(only if above is an organization)* _____

who agrees (a) to supervise the defendant in accordance with all of the conditions of release, (b) to use every effort to assure the defendant's appearance at all scheduled court proceedings, and (c) to notify the court immediately if the defendant violates any condition of release or disappears.

Signed: _____  _____
                                *Custodian or Proxy*         *Date*

( X ) (8) The defendant must:
- ( X ) (a) report to Pretrial Services  as directed _____
  telephone number _____ , no later than _____
- (  ) (b) execute a bond or an agreement to forfeit upon failing to appear as required the following sum of money or designated property: _____
- (  ) (c) post with the court the following proof of ownership of the designated property, or the following amount or percentage of the above-described sum _____
- (  ) (d) execute a bail bond with solvent sureties in the amount of $ _____
- (  ) (e) maintain or actively seek employment.
- ( X ) (f) maintain or commence an education program.
- ( X ) (g) surrender any passport to Pretrial Services as directed.
- ( X ) (h) obtain no new passport.
- ( X ) (i) abide by the following restrictions on personal association, place of abode, or travel: no travel outside Minnesota except to attend court in Tennessee
- ( X ) (j) avoid all contact, directly or indirectly, with any person who is or may become a victim or potential witness in the investigation or prosecution, including but not limited to:  Jane Doe #2 and anyone on list to be proveded by U.S. Attorney
- (  ) (k) cooperate with a mental health assessment and follow any recommendations of that assessment if the pretrial services office or the supervising officer considers it advisable.
- (  ) (l) return to custody each (week) day at _____ o'clock after being released each (week) day at _____ o'clock for employment, schooling, or the following purpose(s): _____
- (  ) (m) maintain residence at a halfway house or community corrections center, as the pretrial services officer or supervising officer considers necessary.
- ( X ) (n) refrain from possessing a firearm, destructive device, or other dangerous weapons.
- (  ) (o) refrain from   (  ) any   (  ) excessive use of alcohol.
- (  ) (p) refrain from use or unlawful possession of a narcotic drug or other controlled substances defined in 21 U.S.C. § 802, unless prescribed by a licensed medical practitioner.
- (  ) (q) submit to any testing required by the pretrial services office or the supervising officer to determine whether the defendant is using a prohibited substance. Any testing may be used with random frequency and include urine testing, the wearing of a sweat patch, a remote alcohol testing system, and/or any form of prohibited substance screening or testing. The defendant must refrain from obstructing or attempting to obstruct or tamper, in any fashion, with the efficiency and accuracy of any prohibited substance testing or monitoring which is (are) required as a condition of release.
- (  ) (r) participate in a program of inpatient or outpatient substance abuse therapy and counseling if the pretrial services office or supervising officer considers it advisable. _____

## ADDITIONAL CONDITIONS OF RELEASE

( X ) (s) participate in one of the following location monitoring program components and abide by its requirements as the pretrial services officer or supervising officer instructs.
    (X) (i) **Curfew.** You are restricted to your residence every day ( ) from _____ to _____ or (X) as directed by the pretrial services office or supervising officer; or _____

    ( ) (ii) **Home Detention.** You are restricted to your residence at all times except for employment; education; religious services; medical, substance abuse, or mental health treatment; attorney visits; court appearances; court-ordered obligations; or other activities pre-approved by the pretrial services office or supervising office; or _____

    ( ) (iii) **Home Incarceration.** You are restricted to 24-hour-a-day lock-down except for medical necessities and court appearances or other activities specifically approved by the court. _____

( X ) (t) submit to the location monitoring indicated below and abide by all of the program requirements and instructions provided by the pretrial services officer or supervising officer related to the proper operation of the technology.
    ( ) The defendant must pay all or part of the cost of the program based upon your ability to pay as the pretrial services office or supervising officer determines. _____
    ( ) (i) Location monitoring technology as directed by the pretrial services office or supervising officer;
    ( ) (ii) Radio Frequency (RF) monitoring;
    ( ) (iii) Passive Global Positioning Satellite (GPS) monitoring;
    ( x ) (iv) Active Global Positioning Satellite (GPS) monitoring (including "hybrid" (Active/Passive) GPS);
    ( ) (v) Voice Recognition monitoring.

( ) (u) report as soon as possible, to the pretrial services office or supervising officer any contact with any law enforcement personnel, including, but not limited to, any arrest, questioning, or traffic stop within 72 hours.

( X ) (v) _____

( ) (w) _____

## ADVICE OF PENALTIES AND SANCTIONS

TO THE DEFENDANT:

YOU ARE ADVISED OF THE FOLLOWING PENALTIES AND SANCTIONS:

    Violating any of the foregoing conditions of release may result in the immediate issuance of a warrant for your arrest, a revocation of your release, an order of detention, a forfeiture of any bond, and a prosecution for contempt of court and could result in imprisonment, a fine, or both.

    While on release, if you commit a federal felony offense the punishment is an additional prison term of not more than ten years and for a federal misdemeanor offense the punishment is an additional prison term of not more than one year. This sentence will be consecutive (*i.e.*, in addition to) to any other sentence you receive.

    It is a crime punishable by up to ten years in prison, and a $250,000 fine, or both, to: obstruct a criminal investigation; tamper with a witness, victim, or informant; retaliate or attempt to retaliate against a witness, victim, or informant; or intimidate or attempt to intimidate a witness, victim, juror, informant, or officer of the court. The penalties for tampering, retaliation, or intimidation are significantly more serious if they involve a killing or attempted killing.

    If, after release, you knowingly fail to appear as the conditions of release require, or to surrender to serve a sentence, you may be prosecuted for failing to appear or surrender and additional punishment may be imposed. If you are convicted of:
    (1) an offense punishable by death, life imprisonment, or imprisonment for a term of fifteen years or more – you will be fined not more than $250,000 or imprisoned for not more than 10 years, or both;
    (2) an offense punishable by imprisonment for a term of five years or more, but less than fifteen years – you will be fined not more than $250,000 or imprisoned for not more than five years, or both;

## ADDITIONAL CONDITIONS OF RELEASE

(3) any other felony – you will be fined not more than $250,000 or imprisoned not more than two years, or both;
(4) a misdemeanor – you will be fined not more than $100,000 or imprisoned not more than one year, or both.

A term of imprisonment imposed for failure to appear or surrender will be consecutive to any other sentence you receive. In addition, a failure to appear or surrender may result in the forfeiture of any bond posted.

### Acknowledgment of the Defendant

I acknowledge that I am the defendant in this case and that I am aware of the conditions of release. I promise to obey all conditions of release, to appear as directed, and surrender to serve any sentence imposed. I am aware of the penalties and sanctions set forth above.

_____
*Defendant's Signature*
Minneapolis, Minnesota
*City and State*

### Directions to the United States Marshal

(X) The defendant is ORDERED released after processing.
( ) The United States marshal is ORDERED to keep the defendant in custody until notified by the clerk or judge that the defendant has posted bond and/or complied with all other conditions for release. If still in custody, the defendant must be produced before the appropriate judge at the time and place specified.

Date  11/10/10

_____
*Judicial Officer's Signature*

Franklin L. Noel, United States Magistrate Judge
*Printed name and title*

# UNITED STATES DISTRICT COURT
## District of Minnesota

UNITED STATES OF AMERICA

vs

**Appearance Bond**

Abdullahi Sade Afyare                CR 10-mj-471(1) FLN

Non-surety: I, the undersigned defendant acknowledge that I am bound to pay to the United States of America the sum of $25,000 for personal recognizance.

For conditions of bond, see order setting conditions of release by FLN on November 10, 2010/defendant given copy.

The conditions of this bond are that the defendant Abdullahi Sade Afyare is to appear before this court and at such other places as the defendant may be required to appear, in accordance with any and all orders and directions relating to the defendant's appearance in this case, including appearance for violation of a condition of defendant's release as may be ordered or notified by this court or any other United States District to which the defendant may be held to answer or the cause transferred. The defendant is to abide by any judgment entered in such matter by surrendering to serve any sentence imposed and obeying any order or direction in connection with such judgment.

It is agreed and understood that this is a continuing bond (including any proceeding on appeal or review) which shall continue until such time as the undersigned are exonerated.

If the defendant appears as ordered or notified and otherwise obeys and performs the foregoing conditions of this bond, then this bond is to be void, but if the defendant fails to obey or perform any of these conditions, payment of the amount of this bond shall be due forthwith. Forfeiture of this bond for any breach of its conditions may be declared by any United States District having cognizance of the above entitled matter at the time of such breach and if the bond is forfeited and if the forfeiture is not set aside or remitted, judgment may be entered upon motion in such United States District Court against each debtor jointly and severally for the amount above stated, together with interest and costs, and execution may be issued and payment secured as provided by the Federal Rules of Criminal Procedure and other laws of the United States.

This bond is signed on November 10, 2010 at Minneapolis, Minnesota.

_____
Defendant's Signature
Adbullahi Sade Afyare

Signed and acknowledged before me on November 10, 2010.

RICHARD D. SLETTEN, Clerk of Court

Approved: _____
Judicial Officer

Filed _____
RICHARD D. SLETTEN, CLERK

Deputy Clerk: _____

SCANNED
NOV 10 2010